IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRENT L. RHODES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-09-862-R |
| | ) |
| LANGSTON UNIVERSITY, et al., | ) |
| | ) |
| Defendants. | ) |

## ANSWER OF DEFENDANTS

Defendants Langston University, Board of Regents for Langston University, Dr. Joann Haysbert, and Dr. Carolyn T. Kornegay submit the following Answer to Plaintiff's Complaint (Doc. 1).

### I. PARTIES

1.    Defendants state that they do not have sufficient information to form a belief as to the truth of the allegations contained in ¶ 1 of Plaintiff's Complaint.

2.    Defendants deny the allegations contained in ¶ 2 of Plaintiff's Complaint.

3.    Defendants admit the allegations contained in ¶ 3 of Plaintiff's Complaint, except that they state that they did no act that constituted a claim in this case.

4.    Defendants admit the allegations contained in ¶ 4 of Plaintiff's Complaint, except that they state that they did no act that constituted a claim in this case.

### II. JURISDICTION AND VENUE

5.    Defendants incorporate the responses previously made in ¶¶ 1 through 4 as is set forth above.

6. Defendants admit the allegations contained in ¶ 6 of Plaintiff's Complaint, except that they deny that this Court has jurisdiction of the state pendent claims.

7. Defendants deny the allegations contained in ¶ 7 of Plaintiff's Complaint, except that they admit that venue is proper.

### III.  STATEMENT OF FACTS

8. Defendants incorporate the responses previously made in ¶¶ 1 through 7 as is set forth above.

9. Defendants deny the allegations contained in ¶ 9 of Plaintiff's Complaint.

10. Defendants deny the allegations contained in ¶ 10 of Plaintiff's Complaint.

11. Defendants deny the allegations contained in ¶ 11 of Plaintiff's Complaint.

12. Defendants deny the allegations contained in ¶ 12 of Plaintiff's Complaint.

13. Defendants deny the allegations contained in ¶ 13 of Plaintiff's Complaint.

14. Defendants deny the allegations contained in ¶ 14 of Plaintiff's Complaint.

15. Defendants deny the allegations contained in ¶ 15 of Plaintiff's Complaint.

16. Defendants deny the allegations contained in ¶ 16 of Plaintiff's Complaint.

17. Defendants deny the allegations contained in ¶ 17 of Plaintiff's Complaint.

18. Defendants deny the allegations contained in ¶ 18 of Plaintiff's Complaint.

19. Defendants deny the allegations contained in ¶ 19 of Plaintiff's Complaint.

20. Defendants deny the allegations contained in ¶ 20 of Plaintiff's Complaint.

21. Defendants deny the allegations contained in ¶ 21 of Plaintiff's Complaint.

22. Defendants deny the allegations contained in ¶ 22 of Plaintiff's Complaint.

23. Defendants deny the allegations contained in ¶ 23 of Plaintiff's Complaint.

24. Defendants deny the allegations contained in ¶ 24 of Plaintiff's Complaint.

25. Defendants deny the allegations contained in ¶ 25 of Plaintiff's Complaint.

26. Defendants deny the allegations contained in ¶ 26 of Plaintiff's Complaint.

27. Defendants deny the allegations contained in ¶ 27 of Plaintiff's Complaint.

28. Defendants deny the allegations contained in ¶ 28 of Plaintiff's Complaint.

29. Defendants deny the allegations contained in ¶ 29 of Plaintiff's Complaint.

30. Defendants deny the allegations contained in ¶ 30 of Plaintiff's Complaint.

31. Defendants deny the allegations contained in ¶ 31 of Plaintiff's Complaint.

32. Defendants deny the allegations contained in ¶ 32 of Plaintiff's Complaint.

33. Defendants deny the allegations contained in ¶ 33 of Plaintiff's Complaint.

34. Defendants deny the allegations contained in ¶ 34 of Plaintiff's Complaint.

35. Defendants deny the allegations contained in ¶ 35 of Plaintiff's Complaint.

### IV. FIRST CAUSE OF ACTION – VIOLATION OF § 504 OF THE REHABILITATION ACT

36. Defendants incorporate the responses previously made in ¶¶ 1 through 35 as is set forth above.

37. Defendants deny the allegations contained in ¶ 37 of Plaintiff's Complaint.

38. Defendants deny the allegations contained in ¶ 38 of Plaintiff's Complaint.

### V. SECOND CAUSE OF ACTION – VIOLATION OF AMERICANS WITH DISABILITIES ACT

39. Defendants incorporate the responses previously made in ¶¶ 1 through 38 as

is set forth above.

40. Defendants deny the allegations contained in ¶ 40 of Plaintiff's Complaint.

41. Defendants deny the allegations contained in ¶ 41 of Plaintiff's Complaint.

### VI.  THIRD CAUSE OF ACTION – VIOLATION OF DUE PROCESS

42. Defendants incorporate the responses previously made in ¶¶ 1 through 41 as is set forth above.

43. Defendants deny the allegations contained in ¶ 43 of Plaintiff's Complaint.

44. Defendants deny the allegations contained in ¶ 44 of Plaintiff's Complaint.

### V.[sic] FOURTH CAUSE OF ACTION – VIOLATION OF EQUAL PROTECTION

45. Defendants incorporate the responses previously made in ¶¶ 1 through 44 as is set forth above.

46. Defendants deny the allegations contained in ¶ 46 of Plaintiff's Complaint.

47. Defendants deny the allegations contained in ¶ 47 of Plaintiff's Complaint.

### VI. [sic] FIFTH CAUSE OF ACTION – VIOLATION OF 25 O.S. § 1101

48. Defendants incorporate the responses previously made in ¶¶ 1 through 47 as is set forth above.

49. Defendants deny the allegations contained in ¶ 49 of Plaintiff's Complaint.

50. Defendants deny the allegations contained in ¶ 50 of Plaintiff's Complaint.

Defendants deny the allegations contained in the Wherefore paragraph, including all its subparts, of Plaintiff's Complaint.

## **AFFIRMATIVE DEFENSES**

1. The modifications requested are not feasible under the DOJ Regulations and Disability Act Accessibility Guidelines.

2. The modifications requested are not readily achievable under the DOJ Regulations and Disability Act Accessibility Guidelines.

3. The action is time barred by the statute of limitations.

4. Plaintiff was not otherwise qualified to be or remain in the School of Nursing, or to perform the requirements of the School of Nursing.

5. Damages against the Defendant are limited by the statutory terms of 42 U.S.C. § 1981a; 29 U.S.C. § 794a; 42 U.S.C. § 2000e; 42 U.S.C. § 2000e-5.

6. Damages are limited by the terms and provisions of the Oklahoma Governmental Tort Claims Act.

7. Plaintiff did not comply with the terms and provisions of the Oklahoma Governmental Tort Claims Act.

8. Defendants Haysbert and Kornegay are entitled to qualified immunity under 42 U.S.C. § 1983.

9. Defendants Haysbert and Kornegay's actions were objectively reasonable and they did not violate any of the Plaintiff's clearly established rights, and they are therefore entitled to qualified immunity.

10. Defendants Haysbert and Kornegay were at all times acting within the scope of their employment.

11. Plaintiff has mitigated his damages.

12. Plaintiff failed to mitigate his damages.

13. The same action would have been taken even in the absence of alleged protected actions of Plaintiff.

14. Defendant denies the nature and extent of Plaintiff's alleged injuries and damages.

15. None of the Plaintiff's federally protected rights have been violated.

16. Plaintiff has not been damaged or injured by any action or inaction of the Defendants.

17. Plaintiff has not properly exhausted his administrative remedies.

18. Defendants are entitled to Eleventh Amendment immunity.

Respectfully submitted,

/s/ David W. Lee
David W. Lee, OBA # 5333
Emily B. Milan, OBA # 22427
LEE LAW CENTER, P.C.
6011 N. Robinson Avenue
Oklahoma City, OK  73118-7425
(405) 848-1983/Fax: (405) 848-4978
Email address: leelawok@swbell.net

Michael Scott Fern
Oklahoma State University
Student Union Building, Room 220
Stillwater, OK  74078
(405) 744-6494/Fax:  (405) 744-7998

ATTORNEYS FOR DEFENDANTS

CERTIFICATE OF SERVICE

     I hereby certify that on September 14, 2009, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrant:

        Mark T. Hamby
        Bonham & Howard, P.L.L.C.
        15 W. 6th Street, Suite 2066
        Tulsa, OK  74119

                      /s/ David W. Lee
                      David W. Lee