IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRENT L. RHODES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No. CIV-09-862-R |
| | ) |
| LANGSTON UNIVERSITY, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' SUPPLEMENTAL BRIEF
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendants Langston University, Board of Regents for Langston University, Dr. JoAnn Haysbert, and Dr. Carolyn T. Kornegay (hereinafter collectively referred to as "Langston"), pursuant to LCvR7.1(k), file this Supplemental Brief in Support of Motion for Summary Judgment in the above-styled case. This is to supplement Defendant's Brief in Support of Motion for Summary Judgment (Doc. 32).

**SUPPLEMENT TO PROPOSITION I, II, III AND IV.**

Defendants respectfully submit that they are entitled to Eleventh Amendment immunity as to the First, Second, Third and Fourth Causes of Action. As was pointed out in Defendants' Brief in Support of Summary Judgment (Doc. 32), Defendants and Plaintiff have stipulated that Defendants Haysbert and Kornegay are sued only in their official capacities. Suits against state officials in their official capacities are suits against the state itself. Hafer v. Melo, 502 U.S. 21, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991).

The United States Supreme Court has held that Eleventh Amendment immunity may even be raised for the first time on appeal. Edelman v. Jordan, 415 U.S. 651, 677-78, 94

S. Ct. 1347, 39 L. Ed. 2d 662 (1974).  Eleventh Amendment immunity prevents a state or state agencies or universities from being sued as parties for any purpose.  <u>University of Texas v. Vratil</u>, 96 F.3d 1337 (10th Cir. 1996) (university is entitled to Eleventh Amendment immunity with regard to discovery); <u>Seibert v. University of Oklahoma Health Science Center</u>, 867 F.2d 591, 594-95 (10th Cir. 1989) (State of Oklahoma and University of Oklahoma were entitled to Eleventh Amendment immunity as to due process allegations and First Amendment allegations).

Eleventh Amendment immunity applies in ADA cases such as the present one.  <u>See</u> <u>Board of Trustees of the University of Alabama v. Garrett</u>, 531 U.S. 356, 121 S. Ct. 955, 148 L. Ed. 2d 866 (2001) (Americans With Disabilities Act).  The case of <u>Tennessee v. Lane</u>, 541 U.S. 509, 124 S. Ct. 1978, 158 L. Ed. 2d 820 (2004) does not apply to the present case because access to judicial services is not an issue here.

Eleventh Amendment immunity as to damages against the State and state agencies also applies with regard to the Due Process and Equal Protection claims brought pursuant to 42 U.S.C. § 1983 cases  (Third and Fourth Causes of Action).  <u>See</u> <u>Seibert</u>, 867 F.2d at 594-99; <u>Russ v. Uppah</u>, 972 F.2d 300, 302-03 (10th Cir. 1992) (Eleventh Amendment immunity applied in 42 U.S.C. § 1983 case).

The State of Oklahoma has not waived the State's Eleventh Amendment immunity from suits filed in federal court.  Okla. Stat. tit. 51, §§ 152.1(B) and 162(E).

**SUPPLEMENT TO PROPOSITION V.**

Defendants also want to make sure that the two year statute of limitations claim has

been presented with regard to the state pendent claim in the Fifth Cause of Action, (Complaint, ¶¶ 48-50), as it has been with regard to the First and Second Causes of Action under the Rehabilitation Act, and Title II of the ADA.  Defendants therefore again contend that the state pendent claims for alleged discrimination are also barred by the two year statute of limitations under Okla. Stat. tit. 12, § 95(3).  Eleventh Amendment immunity also bars this claim.  <u>Pennhurst State School & Hospital v. Halderman</u>, 465 U.S. 89, 120, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984) (holding that a plaintiff also cannot rely on the pendent jurisdiction of a federal court to sue a state agency).

## CONCLUSION

For the reasons stated, Defendants again respectfully requests the Court to grant summary judgment in their favor with regard to all claims, counts and causes of action in this case.

Respectfully submitted,

/s/ David W. Lee
David W. Lee, OBA # 5333
Emily B. Milan, OBA # 22427

LEE LAW CENTER, P.C.
6011 N. Robinson Avenue
Oklahoma City, OK  73118-7425
(405) 848-1983/Fax: (405) 848-4978
Email address: leelawok@swbell.net


        Michael Scott Fern, OBA # 2880
Oklahoma State University
Student Union Building, Room 220
Stillwater, OK  74078
(405) 744-6494/Fax:  (405) 744-7998

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

      I hereby certify that on July 7, 2010, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrant:

    Mark T. Hamby
Bonham & Howard, P.L.L.C.
15 W. 6th Street, Suite 2066
Tulsa, OK  74119

      /s/ David W. Lee
David W. Lee